# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, | CIVIL ACTION NO. 4:18-cv-700 |
| Plaintiff, | |
| v. | |
| HP INC., | |
| Defendant. | |

**DEFENDANT HP INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS <u>UNDER RULE 12(B)(6)</u>**

**I.     INTRODUCTION**

For three reasons, APL's opposition confirms the Court should grant HP's motion to dismiss.  <u>First</u>, APL's attempt to convert its allegations regarding the '655, '090, '049 and '626 patents into a box-checking exercise misstates the *Twombly* and *Iqbal* plausibility standard. APL's identification of an HP product and screenshot in every count does not cure the balance of APL's allegations, which demonstrate that APL is implausibly accusing HP of infringement based on third-party and unbranded products.  <u>Second</u>, APL attempts to supplement its allegations with new purported "facts" that appear nowhere in APL's Complaint, further highlighting that APL's actual pleading is deficient.  <u>Third</u>, APL sidesteps the "egregious conduct" requirement of the Supreme Court's *Halo* decision and instead tries to fashion a standard in which every alleged infringer becomes a willful infringer.  APL is wrong in every respect, and its claims should be dismissed as a result.

**II.    ARGUMENT**

    **A.    APL's Identification Of An HP Product In Each Count Does Not Save APL's Implausible Allegations Based On Third-Party And Unbranded Products.**

For at least two reasons, APL's defense of its allegations based on third-party and unbranded products misses the point.

<u>First</u>, APL incorrectly suggests the Court should assume the plausibility of its allegations because each count identifies (1) a "specific HP product," (2) "specific [patent] claims," (3) "a website illustrating the accused HP products," (4) "screenshots" of an HP product, and (5) alleged "features" of an HP product.  Opp. at 3.  On the contrary, APL was required to "explicitly plead facts to plausibly support the assertion that [HP] without authority, makes, uses, offers to sell, or sells any patented invention during the term of the patent."  Opp. at 2 (quoting *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2016 WL 7042236, at *2 (E.D. Tex.

1

May 13, 2016)) (internal quotation marks omitted). Notwithstanding APL's identification of an HP product in each count, APL's own allegations—which must be accepted as true—defeat any assertion that HP is the maker, user, or seller of the alleged '655, '090, '049, and '626 patent inventions. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016).[1]

As to the '655 and '090 patents, APL alleges that Google Chromecast devices—not HP products—practice the asserted claim limitations. Complaint ¶¶ 54-55, 65-66. HP does not make, use, sell, offer for sale or import into the United States Google Chromecast devices, and APL does not allege (or even argue) anything to the contrary. As to the '049 and '626 patents, APL alleges that an unbranded Chromebook shown in a third-party YouTube video practices the asserted claim limitations, without any allegation that the product shown was made, used, or sold by HP. Complaint ¶¶ 76, 80, 92, 95. Indeed, APL's opposition brief leaves unanswered whether the product depicted in APL's complaint is actually an HP product, suggesting that APL does not even know the answer. Thus, accepting as true APL's allegations that Chromecast devices and unbranded Chromebooks practice the claimed inventions, APL does not "present 'enough fact[s] to raise a reasonable expectation that discovery will reveal' that HP is liable for patent infringement." Opp. at 3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Second, APL's cited decisions are inapposite because none involved the unique situation here, where APL bases its infringement allegations on third-party and unbranded products. Instead, APL's cited decisions consider the unremarkable plausibility of infringement allegations

---

[1] APL's claim that it can plausibly allege indirect infringement without plausibly alleging direct infringement (Opp. at 6-7) misstates black-letter law. Direct infringement is an element of indirect infringement. *See, e.g.*, *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-cv-242-JRG, 2012 WL 2595288, at *2 (E.D. Tex. July 5, 2012) ("[B]ecause liability for indirect infringement of a patent requires direct infringement, the amended complaint must plausibly allege that the asserted patent was directly infringed to survive a motion to dismiss," citing *In Re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012)).

against products actually made by the party to the lawsuit.[2] The Court should reject APL's attempt to stretch those decisions to cover implausible allegations against third-party (or unbranded and unknown) products.

### B. APL Relies On "Allegations" Not Found In The Complaint, Which The Court Cannot And Should Not Consider.

APL attempts to resuscitate its claims by reciting or rewriting purported "facts" that appear nowhere in its Complaint. Not only are APL's unalleged statements legally irrelevant, they confirm that APL has not plausibly alleged infringement against HP. *Rodriguez v. Rutter*, 310 Fed. Appx. 623, 626 (5th Cir. 2009) ("It is well-established that, in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint.").

First, in defense of its '655 and '090 patent allegations, APL asserts that "[t]he website that HP points to refers to setting up or configuring a Chromecast device with a 'mobile device' instead of a 'computer.'" Opp. at 5, n.2 (emphasis added). As APL is aware, "the website that HP points to" is the website that APL excerpted in its Complaint. Complaint, ¶¶ 54, 65. That APL's own complaint points to a third-party website confirming that "[w]e no longer support Chromecast setup on a computer" is an implausibility problem of APL's own making.

---

[2] *Dynocom Indus., Inc. v. Mainline Automotive Equip. Pty. Ltd.*, No. 2:16-cv-00523, Dkt. No. 45, at 4 (E.D. Tex. Feb. 14, 2017) (plaintiff incorporating by reference "Defendant Mainline's website, which illustrates the [accused] product."); *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) ("The complaint specifically identified VGH Solutions' products and alleged that the products meet 'each and every element of at least one claim of [asserted patents]."); *Salazar v. HTC Corp.*, No. 2:16-cv-01096, 2018 WL 1310007, at *1 (E.D. Tex. Feb. 14, 2018) ("Salazar alleges three HTC smartphone models … embody the asserted claims of the '467 Patent"); *Marking Object Virtualization Intelligence, LLC v. Hitachi Ltd.*, No. 2:16-cv-01055, Dkt. No. 88, at 4 ("[T]he First Amended Complaint identifies two infringing products—the Hitachi Command Suite and the Hitachi Content Platform—and explains how these products infringe the '006 Patent"); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168, 2016 WL 7042236, at *2 (E.D. Tex. May 13, 2016) ("Uniloc alleges that Avaya's 'Unified Communication software …' infringe the asserted patents.").

3

Second, in further support of its '655 and '090 patent allegations, APL states new "facts" and alleged "evidence" regarding the functionality and design of Chromebooks and Chrome OS:

- "HP Chromebooks run on the Chrome OS operating system, which is specifically designed to work with and stream to Google Chromecast devices (or televisions with built-in Chromecast) in a manner that infringes Claim 5 of the '655 Patent and Claim 1 of the '090 Patent" (Opp. at 4);

- "Chromecast devices can be used not only with mobile devices such as cellular phones (whether using Android or iOS), tablets, or Chromebooks (which, by name, use Chrome OS), but also with computer devices such as desktops and laptops (whether using Windows, macOS, or Linux)" (*id.* at 5);

- "[I]n addition to HP's Chromebook devices having the ability to set up a Chromecast device, HP's Chromebook devices can certainly be used with Google Chromecast devices" (*id.* at 5, n.3) (emphasis omitted); and

- "*See, e.g.*, 'Use Chromecast With Your Chromebook' instructions, available at https://support.google.com/chromebook/answer/3289520?hl=en" (*id.* at 5, n.2).

APL's Complaint does not contain allegations about the (1) "Chrome OS operating system," including how it allegedly "is specifically designed," (2) "televisions with built-in Chromecast," (3) devices with which "Chromecast devices" and "Chromebook devices" "can be used," and (4) "Use Chromecast With Your Chromebook" instructions. Instead, the Complaint cites a different website ("Set up your Chromecast device") and is directed to connecting "your Android device" and a TV. Complaint ¶¶ 54-55, 65-66.

Third, in support of its willful infringement allegations, APL identifies seven publications that appear nowhere in the Complaint, and states the new alleged fact that "Irene Kosturakis, Guy J. Kelley, David M. Hoffman, and Russell C. Scott … have worked as in-house counsel for HP." Opp. at 11-12. Once the Court properly ignores the statements in APL's opposition that appear nowhere in its Complaint, the Court should dismiss APL's implausible direct and willful infringement claims.

4

**C. APL Tries To Convert All Post-Suit Infringement Into Willful Infringement.**

APL incorrectly asserts it was not required to plead facts supporting an allegation of pre-suit knowledge or "egregious conduct," and misstates the *Halo* and post-*Halo* decision in *Opticurrent, LLC v. Power Integrations, Inc. See* Mot. at 9-13; Opp. at 7-14.

APL's argument that pre-suit knowledge and egregious conduct are "not required to state a claim for willfulness" is contrary to the law. Opp. at 8, 9. APL suggests that "egregious misconduct" is reserved for enhanced damages considerations, yet *Halo* itself links "egregious misconduct" to the willful infringement determination: "none of this is to say that enhanced damages must follow a finding of egregious misconduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). Moreover, APL's assertion that every patentee has a plausible willful infringement claim simply by filing a complaint is contrary to the "egregious misconduct" standard, and would inappropriately equate willful infringement with all post-suit infringement. Opp. at 10 ("American Patents has stated a claim for willfulness by pleading that the complaint put HP on notice of the patents and that HP's infringement is ongoing. … No more is required."); *see Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-cv-062-WMC, 2017 WL 2438832, at *10 n.6 (W.D. Wis. June 6, 2017).

APL's attempt to dismiss the *Opticurrent* decision as "based on pre-*Halo* reasoning from *In re Seagate Technology, LLC*" is also wrong. Opp. at 10. Judge Gilstrap's decision is not only post-*Halo*, it expressly quotes *Halo* and acknowledges that *Halo* overruled *Seagate*: "Notably, [the patentee] makes no effort to allege any pre-suit notice of the [asserted patent] or any pre-suit conduct which could plausibly rise to the level of being 'characteristic of a pirate.'" 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016) (quoting *Halo Elecs.*, 136 S. Ct. at 1932). APL therefore has no basis for discounting *Opticurrent*, which properly upheld the *Halo* standard.

Dated: January 28, 2019

By: */s/ Clyde M. Siebman*
    Clyde M. Siebman
    TX Bar No. 18341600
    clydesiebman@siebman.com
    Elizabeth S. Forrest
    TX Bar No. 24086207
    elizabethforrest@siebman.com
    Siebman Forrest Burg & Smith, LLP
    300 N Travis St.
    Sherman, TX 75090
    Phone: 903-870-0070
    Fax: 903-870-0066

    DLA PIPER LLP (US)
    Sean C. Cunningham (*pro hac vice* pending)
    sean.cunningham@dlapiper.com
    Erin P. Gibson (*pro hac vice* pending)
    erin.gibson@dlapiper.com
    Tiffany Miller (*pro hac vice* pending)
    tiffany.miller@dlapiper.com
    Jacob Anderson (*pro hac vice* pending)
    jacob.anderson@dlapiper.com
    401 B Street, Suite 1700
    San Diego, California 92101-4297
    Phone: 619.699.2700
    Fax: 619.699.2701

    ATTORNEYS FOR DEFENDANT HP INC.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 28, 2019.

                                                             /s/ *Clyde M. Siebman*